Mamah v New York City Dept. of Educ. (2025 NY Slip Op 02877)

Mamah v New York City Dept. of Educ.

2025 NY Slip Op 02877

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 28148/19|Appeal No. 4355|Case No. 2024-02688|

[*1]Ramah Mamah, Plaintiff-Appellant,
v
The New York City Department of Education et al., Defendants-Respondents.

Godosky & Gentile, P.C., New York (Robert E. Godosky of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered April 9, 2024, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.
Plaintiff, a teacher at a school in the Bronx, alleges that she fell when she leaned on a defective desk as she was grading papers in the back of a classroom. Defendants sustained their burden of establishing that they neither created nor had actual notice of the alleged defect by submitting the testimony of the school's custodian engineer stating that there had been no prior complaints or injuries related to the desk, and that there was no repair record of any desk because the school discarded broken desks and chairs. Plaintiff also testified that she was not aware of the defective desk leg until after her accident, and that none of the students who used the desk ever reported any defect to her (see Velocci v Stop & Shop, 188 AD3d 436, 439 [1st Dept 2020]).
Nevertheless, defendants failed to establish prima facie entitlement to summary judgment dismissing the complaint, as they did not sustain their burden of demonstrating that they lacked constructive notice of the allegedly defective condition. Although defendants relied on a daily logbook recording the custodian engineer's daily routine for the building, the logbook was not sufficient to show that defendants inspected the classrooms to ensure that they were free from defects (see Dan v City of New York, 227 AD3d 495, 496 [1st Dept 2024]). Furthermore, the custodian engineer testified at his deposition that although he inspected the classrooms every morning, he did so only to make sure that the heat was on. This testimony is insufficient to demonstrate defendants' lack of constructive notice, as it fails to show that the alleged condition did not exist when the area was last inspected before plaintiff fell (see Bonilla v 191 Realty Assoc., L.P., 125 AD3d 470, 470 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025